UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA ALELLO, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 2:17-cv-8979 |
| | ) |
| v. | ) Judge: |
| | ) |
| RECEIVABLE RECOVERY SERVICES, LLC, | ) Magistrate: |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, ANGELA ALELLO ("Plaintiff"), through Plaintiff's attorney, SCOTT, VICKNAIR, HAIR & CHECKI, LLC, alleges the following against Defendant, RECEIVABLE RECOVERY SERVICES ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over any state claims contained within.

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, resides in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Denham Springs, Louisiana.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency domiciled in Metairie, Louisiana.

11. Defendant is a business entity engaged in the collection of debt within the State of Louisiana.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

18. The alleged debt at issue arose from transactions for personal, family, or household

purposes.

19. Plaintiff does not owe the alleged debt.

20. On or around February 3, 2016, Defendant sent Plaintiff a collection letter (the "First Letter") stating she owed a medical debt to Lake Primary Care Physicians (the "Creditor").

21. The First Letter falsely represented the character and amount of the alleged debt.

22. Plaintiff had previously disputed the alleged debt with the Creditor and the Creditor admitted the alleged debt should be covered by insurance, but was miscoded.

23. The First Letter instructed Plaintiff to call Defendant if she had health insurance covering the alleged debt.

24. Plaintiff called Defendant on or about February 26, 2016, disputed the alleged debt, and advised Defendant of insurance coverage for the alleged debt.

25. Defendant's collector said she would try to get it cleared up and to call back in April, 2016, to check the status.

26. Due to multiple billing issues with the Creditor, Plaintiff retained an attorney to handle the billing issues, including Defendant's collection account.

27. On or about April 20, 2016, Plaintiff called Defendant to discuss the collection account.

28. Plaintiff advised Defendant's collector she had retained an attorney to handle her accounts with the Creditor and told the collector to contact Plaintiff's attorney.

29. On or around August 26, 2016, Defendant sent Plaintiff a second collection letter (the "Second Letter") in an attempt to collect a debt allegedly due to the Creditor.

30. The Second Letter falsely represented the character and amount of the alleged debt.

31. The First and Second Letters stated Defendant's "client's records indicate that the below balance is your responsibility."

32. Defendant's First and Second Letters were false, deceptive, and misleading because Defendant's client's records did not indicate or should not have indicated the balance was Plaintiff's responsibility.

33. Defendant's Second Letter stated Plaintiff had 30 days after receiving the Letter to dispute the validity of the debt or Defendant would assume the debt was valid.

34. On or around September 13, 2016, Defendant sent Plaintiff a third collection letter (the "Third Letter"), which stated "[y]ou did not dispute this bill as was your option in our first notice: therefore, we expect payment from you on the above balance due."

35. The Third Letter stated Defendant had not received any response from Plaintiff regarding Defendant's collection attempts.

36. The Third Letter is false, deceptive, and misleading because Plaintiff did respond to Defendant on multiple occasions, disputing the alleged debt and providing notice of her attorney.

37. The Third Letter is false, deceptive, and misleading because it can be reasonably read to mean Plaintiff's 30-day dispute period was over although the Third Letter was sent less than 30 days after the Second Letter.

38. The Third Letter is inconsistent with and overshadows Plaintiff's dispute rights.

39. Defendant continued to contact Plaintiff despite receiving notice Plaintiff had retained an attorney.

40. Upon information and belief, Defendant, when sending the collection letters, knew or should have known Plaintiff did not owe the alleged debt and its client's records did not indicate the balance was Plaintiff's responsibility.

41. Defendant's letters are false, deceptive, and misleading because they give the false

impression collection procedures have escalated.

42. These letters are generally false, deceptive, and misleading to the unsophisticated consumer because they can be read to have two or more meanings.

43. Defendant's collection letters contain false, deceptive, and misleading information.

44. Defendant's collectors were working within the course and scope of their employment when they communicated with Plaintiff.

45. Defendant's collectors are familiar with the FDCPA.

46. Plaintiff has suffered financially, mentally, and emotionally due to Defendant's collection practices.

## VIOLATIONS OF THE FDCPA

47. The preceding paragraphs are incorporated as if fully stated herein.

48. Defendant is liable under 15 U.S.C. § 1692c for communicating with Plaintiff regarding collection of a debt despite knowing Plaintiff was represented by an attorney for that debt.

49. Defendant is liable under 15 U.S.C. § 1692e for making false, deceptive, and misleading representations regarding the alleged debt.

50. Defendant is liable under 15 U.S.C. § 1692g because its collection letters are inconsistent with and overshadow the consumer's dispute rights under that section.

## JURY DEMAND

51. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all collection efforts against Plaintiff for the alleged debt.
2. Statutory damages under the FDCPA of $1,000.
3. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. § 1692k.
4. All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k.
5. Any other relief this Court deems appropriate.

DATED:  September 13, 2017            RESPECTFULLY SUBMITTED,

*/s/ Samuel J. Ford*
Samuel J. Ford, Esq., T.A. #36081
Scott, Vicknair, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@svhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff